IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DERYL DION MORROW,

Plaintiff,

vs.                                                            Civ. No.  09-395 JH/RHS

SANTA FE BOYS & GIRLS CLUBS,

Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Defendant's Motion to Set Aside Clerk's Entry of Default* [Doc. No. 12], filed September 4, 2009.  After reviewing the briefs filed by counsel, the Court concludes that the motion should be granted.

## FACTUAL AND PROCEDURAL BACKGROUND

This is a case involving alleged employment discrimination and retaliation.  On April 24, 2009, Plaintiff Deryl Dion Morrow ("Morrow") filed his complaint in this federal district court.  On May 18, 2009, Morrow served his former employer, Defendant Santa Fe Boys & Girls Clubs ("SFBGC") with the complaint.  Accordingly, SFBGS's answer was due 20 days later, on June 8, 2009.

According to the affidavit of Chris Cavazos, Assistant Director for SFBGC, on May 18, 2009, SFBGC forwarded notice of Morrow's complaint to its liability insurer.  On May 27, 2009, the insurer informed SFBGC that it was following up on the matter.  However, on June 10, 2009, after not hearing from the insurer, SFBGC expressed to the insurer its concern that defense counsel be assigned.  On July 9, 2009, SFBGC again expressed its concern over the passage of time, and its

insurer stated that it was following up with counsel for SFBGC.  On August 27, 2009, Morrow filed his motion for default judgment.  The following day, SFBGC received the motion and immediately contacted its insurer to demand immediate appointment of counsel.  On September 1, 2009, counsel for SFBGC was retained and entered their appearance, slightly less than three months after the answer was due.  That same day, Morrow filed his praecipe requesting the clerk's entry of default. On September 2, 2009, the Clerk did in fact enter a default against SFBGC, which in turn filed its motion to set aside the default on September 4, 2009.

## DISCUSSION

Federal Rule of Civil Procedure 55(c) allows a court to set aside an entry of default for good cause.  "[T]he good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)."  *Dennis Garber & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n. 6 (10th Cir. 1997).   "In deciding whether to set aside an entry of default, courts may consider, among other things, whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented."  *Pinson v. Equifax Credit Information Services, Inc.*, 316 Fed. App. 744 (10th Cir. 2009) (unpublished) *(quoting Dierschke v. O'Cheskey (In re Dierschke)*, 975 F.2d 181, 183 (5th Cir. 1992)).

In reviewing the above factors, the Court concludes that the default should be set aside and the case permitted to proceed on the merits.  First, the Court concludes that SFBGC's actions were not willful.  It has presented evidence that it timely notified its insurer of the complaint and repeatedly asked its insurer to obtain counsel to defend it.  While Morrow argues that SFBGC should have come forward with corroborating evidence from its insurer explaining the delay, the Court agrees with SFBGC that the issue here is not the conduct of the insurer, but rather whether

2

SFBGC acted willfully in failing to answer the complaint. The evidence before the Court shows that SFBGC did not merely sit on its hands, but rather continued to prompt its insurer to retain counsel and answer the complaint. Second, it does not appear that Morrow has suffered prejudice as a result of the delay. Morrow does not argue that his ability to litigate his case has been prejudiced as a result of the delay, nor does he dispute SFBGC's assertion that documents and other evidence have been preserved as a result of administrative proceedings before the EEOC and the New Mexico Human Rights Division.

Finally, SFBGC has presented meritorious defenses to Morrow's claims. At this stage, it is not necessary that SFBGC demonstrate that its defenses will win the day:

> The parties do not litigate the truth of the claimed defense in the motion hearing. Rather, the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action. For purposes of this part of the motion, the movant's version of the facts and circumstances supporting his defense will be deemed to be true.

*In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978) (internal citation omitted). Here, SFBGC offered evidence in Chris Cavazos' affidavit that it terminated Morrow's employment for a legitimate, non-discriminatory reason—e.g., that it placed him on administrative leave for misconduct, and it fired him when he failed to return to work on the appointed date. According to the affidavit, the "Director of Operations" position that Morrow claims he was denied did not exist and was not offered to or held by anyone else. Further, Cavazos states that SFBGC could not have retaliated against Morrow for protected activity because it had no record that he ever complained about racial discrimination before he filed his EEOC complaint. Finally, according to Cavazos, Morrow's transfer from one SFBGC facility to another was not a demotion because it carried neither a change of his supervisory duties, a change in title, nor a cut in pay. These allegations constitute a meritorious defense to

3

Morrow's claims.  Based on all of the foregoing, the Court concludes that the default should be set aside.

As the Tenth Circuit has noted, because default judgment deprives a litigant of his or her day in court, it is appropriate " 'only where a lesser sanction would not serve the interest of justice.' " *Meade v. Grubbs*, 841 F.2d 1512, 1520 (10th Cir. 1988) (quoting *Cohen v. Carnival Cruise Lines, Inc.*, 782 F.2d 923, 925 (11th Cir. 1986)).  In this case, the Court concludes that a lesser sanction is appropriate.  As the SFBGC has pointed out, its delay in answering the complaint caused Morrow to incur additional expense in filing the motion for default judgment, the praecipe, and his response to the motion to set aside the default, but "prejudice by any additional expense may be remedied by an award of attorney's fees after setting aside the entry of default."  Doc. No. 12 at 6.  The Court finds this to be an equitable solution.  Accordingly, Morrow may file his application for the attorney's fees he incurred in filing the motion for default judgment, the praecipe, and his response to the motion to set aside the default, provided he does so within 30 days of entry of this Memorandum Opinion and Order.

**IT IS THEREFORE ORDERED** that *Defendant's Motion to Set Aside Clerk's Entry of Default* [Doc. No. 12] is **GRANTED**, and the Clerk's September 2, 2009 entry of default is hereby **SET ASIDE**.

**IT IS FURTHER ORDERED** that no later than 30 days after entry of this Memorandum Opinion and Order, Plaintiff may file his motion for attorney's fees as described herein.


**UNITED STATES DISTRICT JUDGE**