IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DERYL DION MORROW,**

    **Plaintiff,**

v.                       **Case No. CIV 09-00395 JH/RHS**

**SANTA FE BOYS & GIRLS CLUBS,**

    **Defendant.**

## DEFENDANT SANTA FE BOYS AND GIRLS CLUBS, INC.'S RESPONSE OPPOSING PLAINTIFF'S MOTION FOR ATTORNEY FEES

COMES NOW Defendant Santa Fe Boys and Girls Clubs, Inc. ("SFBGC"), by and through its counsel of record, Civerolo, Gralow, Hill & Curtis, P.A. (Lisa Entress Pullen and Josh E. Eden) and submits its Response to Plaintiff's Motion for Attorney Fees [Doc. No. 19]. Defendant SFBGC requests that this Court deny the Motion, and instead, exercise the Court's discretion to reserve the issue of attorney's fees until the conclusion of the litigation as is typically done where alleged violations of federal civil rights statutes are in issue. Further, the requested attorney's fees should not be awarded because Plaintiff's counsel has not demonstrated that his claimed fees are reasonable.

    1. This Court Should Reserve any Ruling on Attorney's Fees until the Conclusion of the Litigation.

An award of attorney fees is done so at the discretion of the court. *Case v. Unified School Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998), quoting *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir.1986); *see also Lippoldt v. Cole*, 468 F.3d 1204, 1222 (10th Cir. 2006). In view of the Court's discretion in this matter, SFBGC urges this Court to

hold any decision on attorney fees in abeyance, because this case involves a claim of civil rights violation, and Title VII permits the prevailing party to make a request for its reasonable attorney's fees under 42 U.S.C. § 1988. While SFBGC disputes Plaintiff's claims of discrimination and retaliation, 42 U.S.C. § 1988 would provide a basis to review all of Plaintiff's claimed fees should he ultimately prevail. On the other hand, if SFBCG prevails, then any award of attorney fees to Plaintiff's counsel at this stage of the litigation, would unnecessarily tax SFBGC for a good faith error and would be difficult to remedy. It would also be inconsistent with the civil rights statutory scheme of awarding attorney's fees only to the party prevailing on discrimination claims.

Further, SFBGC has not agreed that Plaintiff is entitled to attorney's fees. SFBGC merely argued in its motion to set aside the Clerk's entry of default that Plaintiff had not demonstrated prejudice that could have weighed against setting aside the Clerk's entry of default. See Doc. No. 12, at p. 6. SFBGC's point was that any claim of "prejudice" based on the filing of otherwise-unnecessary pleadings may be remedied by an award of attorney's fees, but <u>Plaintiff did not then argue that he was prejudiced on this basis</u> in his Response. See Doc. No. 13, at pp. 3-7. Furthermore, Plaintiff's fees after receiving SFBGC's entry of appearance on the morning of September 1, 2009 were unnecessarily incurred, because, on that date, SFBGC stated its intent to file an Answer and move the case forward. See Doc. No. 12, Ex. 2. Plaintiff's counsel recognized his receipt of counsel's letter prior to the filing of his Praecipe on September 1, 2009, and elected to aggressively pursue a default judgment. See Doc. No. 13, at p. 2. While Plaintiff had a right to challenge SFBGC's motion, Plaintiff should not now be rewarded when the merits of his claim remain to be proven and SFBGC did not engage in bad faith litigation or disregard any court Order.

2. Plaintiff's Claimed Fees Are Not Reasonable.

Should the Court proceed with its determination of any attorney fee award at this point in the litigation, SFBGC challenges the reasonableness of Plaintiff's counsel's rate and hours spent as follows.

### A. Plaintiff's Counsel Has Not Shown His Hourly Rate is Reasonable for this Jurisdiction.

The fees an attorney claims must be reasonable in terms of rate and hours expended. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). "On both those issues of reasonableness, the burden of proof is on the fee applicant." *Id.* "A reasonable fee is the product of a reasonable rate in the relevant community multiplied by the number of hours reasonably spent on the litigation." *Lippoldt,* 468 F.3d at 1222; *e.g., Blum v. Stenson,* 465 U.S. 886, 897 (1984); *Hensley,* 461 U.S. at 433. Additionally, the applicant must show "satisfactory evidence, in addition to the attorney's own affidavit, that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably compared skill, experience, and reputation." *Beard v. Teska,* 31 F.3d 942, 955 (10th Cir. 1994), quoting *Blum v. Stenson,* 465 U.S. 886, 895 n. 11, (1984).

Although the Court has indicated her willingness to entertain Plaintiff's Motion for Attorney Fees in her Memorandum Opinion and Order, Doc. No. 17 at p. 4, Plaintiff should not be awarded the full amount of requested attorney fees set forth in his Motion for Attorney Fees, Doc. No. 19. Plaintiff's counsel has offered no indicia that his claimed rate is in accord with "lawyers of reasonably compared skill, experience, and reputation." *Beard,* 31 F.3d at 955. Plaintiff's counsel bears the burden of showing his rate and time spent to be reasonable under the circumstances and in light of the nature of the claim. *Hensley,* 461 U.S. at 433. Plaintiff's counsel has failed to carry his burden as to the reasonableness of his rate in New Mexico.

3

Moreover, other judges in the Federal District Court, District of New Mexico, have found lower hourly rates to be reasonable for comparable work by other attorneys in New Mexico when examining fee petitions at the conclusion of civil rights litigation. For example, U.S. Magistrate Judge Leslie Smith, sitting as Article III judge with permission of the parties, found, "based upon the above considerations and my knowledge of the rates in this vicinity that $115.00 per hour is a reasonable rate." *Warren v. Board of Education of Gadsden Independent School District*, Civ. No. 95-1272 LCS, at p. 3 (D.N.M. March 26, 1998). Judge James Browning, in examining the reasonableness of an hourly rate for attorney fees, offered the following synopsis of civil rights fee petitions in his Memorandum Opinion and Order in *Kelly v. City of Albuquerque*, Civ. No. 03-507 JB/ACT (D.N.M. October 24, 2005):

1. On January 5, 2005, the Honorable Martha Vazquez, Chief United States District Judge, awarded attorney Maureen Sanders and Phil Davis $250.00 per hour each for their work in a civil rights case. See *Lewis v. N.M. Dep't of Health*, No. 99cv0021, Memorandum Opinion and Order at pp. 13-14, 19 (D.N.M. January 5, 2005).

2. Judge Vazquez also awarded the $250.00 hourly rate to Tandy Hunt on June 12, 2001, . . ., in *Nieto v. Kapoor*, No. 96cv1225, Memorandum Opinion and Order at 12. (D.N.M., June 12, 2001). . . .

3. The Honorable Bruce Black, United States District Judge, awarded Phil Davis $225.00 per hour in a Title VII case. *Murtagh v. Bd. of County Comm'rs of Bernalillo County*, No. 00cv1679, Memorandum Opinion and Order at pp. 5, 19 (D.N.M. July 12, 2002). . . .

  4. Attorneys Hannah B. Best and Patrick L. Fogel have received $180.00 per hour. *See Torrez v. Julian*, No. 01cv720, Memorandum Opinion and Order at 2, 8 (D.N.M., March 11, 2003) (Black, J.) (ruling that counsel who obtained a verdict in the plaintiff's favor on retaliation claim in the amount of $85,500.00, including punitive damages, were entitled to $180.00 per hour). . . .

Plaintiff's counsel, though qualified, does not demonstrate a basis for an hourly rate at $250.00 per hour versus the $115, $180.00 or $225.00 awarded by Judges Smith and Black to attorneys such as Phil Davis and Hannah Best. Plaintiff's counsel rate should not be considered at his presently requested rate.

### B. Plaintiff's Counsel Should Not Be Awarded Fees for Time Spent on His Praecipe for Damages, His Response to Defendant's Motion to Set Aside Entry of Default, or His Review of Defendant's Reply and other Pleadings.

  Because Plaintiff's counsel was aware that SFBGC's counsel had entered an appearance in this matter and was requesting time to Answer the Complaint, Plaintiff's Praecipe for Damages filed on September 1, 2009 was unnecessary and pointless. Likewise, Plaintiff's counsel knew of SFBGC's intention to defend the case and failed to respond to counsel's letter requesting time to Answer and her request for him to withdraw his Motion for Default. *See* Doc. No. 12, Ex. 2. Instead, Plaintiff allowed the Clerk to proceed with an entry of default, and necessitated SFBGC's motion to set aside that default. Plaintiff's counsel could simply have agreed to withdraw his motion for default and then to set aside the Clerk's entry of default, and avoid incurring time to respond to SFBGC's motion. However, Plaintiff's counsel refused to do so, thereby unnecessarily running up his fees.

  Plaintiff's counsel spent seven-tenths (.7) of an hour on his Praecipe for Damages and spent four hours (4.0) on his Response to Defendant's Motion to Set Aside Entry of Default. *See*

5

Plaintiff's Motion for Attorney Fees [Doc. No. 19], Exhibit 1. He also claims a total of 3.1 hours for other unnecessary tasks after September 1, 2009 as follows: legal research (1.3 hours), reviewing the Clerk's Entry of Default (.1 hour), assessing SFBGC's motion to set aside the Clerk's entry of default (.7 hours), analyzing SFBGC's reply (.8 hours), and analyzing the Court's Memorandum Opinion and Order (.2 hours). This Court should not reward Plaintiff by granting the full amount requested, and should reduce any award for fees that were unnecessarily incurred.

WHEREFORE, Defendant Santa Fe Boys and Girls Clubs, Inc. prays this Court reserve or otherwise defer the issue of attorney's fees until the underlying claim is resolved; alternatively, Defendant SFBGC prays this Court reduce any fee award by fees unnecessarily incurred, and for such further relief this Court deems appropriate.

RESPECTFULLY SUBMITTED BY,

CIVEROLO, GRALOW, HILL & CURTIS
A Professional Association

By _____
Lisa Entress Pullen
John E. Eden
P.O. Drawer 887
Albuquerque, NM 87103-0887
(505) 842-8255
Counsel for Defendant Santa Fe
Boys and Girls Clubs, Inc.

I hereby certify that a copy of the foregoing Motion was copied on opposing counsel of record through filing with the Court's CM/ECF filing system on this 26th day of February, 2010:

Carlos M. Quinones, Esq.
Quinones Law Firm

1532 B Paseo de Peralta, #B
Santa Fe, NM 87505
Tel: (505) 992-1515
quinoneslaw@cybermesa.com

*/s/ Lisa Pullen*
Lisa Pullen