IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DERYL DION MORROW,**

    **Plaintiff,**

**vs.**                                                    **Case No. CIV 09-00395 JCH/RHS**

**SANTA FE BOYS & GIRLS
CLUBS,**

    **Defendant.**

**REPLY TO DEFENDANT'S RESPONSE OPPOSING
PLAINTIFF'S MOTION/APPLICATION FOR ATTORNEY'S FEES PURSUANT
TO MEMORANDUM OPINION AND ORDER ENTERED JANUARY 15, 2010**

        COMES NOW Plaintiff Deryl Dion Morrow (hereinafter "Plaintiff"), by and through counsel of record, Quiñones Law Firm (Carlos M. Quiñones, Esq.), and hereby submits his Reply to Defendant's Response Opposing Plaintiff's Motion/Application for Attorney's Fees.  In its Response in opposition, Defendant essentially makes three arguments.  First, that the Court should reserve the issue of attorney's fees until the conclusion of litigation; second, that undersigned counsel for Plaintiff has not shown that his claimed fees are reasonable; and third, that Plaintiff's attorney spent time on tasks outside the scope of the Court's Memorandum Opinion and Order of January 15, 2010. All of Defendant's arguments are without merit, as argued herein.

**INTRODUCTION**

        In its Memorandum Opinion and Order entered January 15, 2010, the Court granted Defendant's Motion to Set Aside Clerk's Entry of Default.  In that same Memorandum Opinion and Order, the Court ordered that no later than 30 days after entry

of the Memorandum Opinion and Order, Plaintiff could file his motion or application for attorney's fees "incurred in filing the motion for default judgment, the praecipe, and his response to the motion to set aside the default." (Mem. Op. and Order [Doc. # 17] at p. 4). By doing so, the Court clearly held that this motion or application for attorney's fees was in the form of a "lesser sanction" arising out of Defendant's "delay in answering the complaint [which] caused [Plaintiff] to incur additional expense in filing the motion for default judgment, the praecipe, and his response to the motion to set aside the default." (Mem. Op. and Order at p. 4).

Accordingly, Plaintiff filed his Motion/Application for Attorney's Fees on February 13, 2010. In that Motion/Application, Plaintiff requested an award of attorney's fees, plus gross receipts tax, for the tasks identified per the Court's Memorandum Opinion and Order in the amount of $2,755.59. Defendant opposes any award of attorney's fees to Plaintiff, as argued in its Response.

## ARGUMENT

**A. Attorney's Fees for the Tasks Identified by the Court Should be Awarded Now Because these Fees are Imposed as a Sanction Arising out of Defendant's Failure to Timely Answer the Complaint.**

In its Response, Defendant first argues that the Court "should reserve any ruling on attorney's fees until the conclusion of the litigation." (Defendant's Response [Doc. #21] at p. 1). By doing so, Defendant completely ignores the Court's rationale for awarding fees as set forth in the Memorandum Opinion and Order: as an appropriate "lesser sanction" arising from Defendant's delay in answering the complaint which directly led to Plaintiff's incurring additional expenses. (Mem. Op. and Order [Doc. # 17] at p. 4). This award of attorney's fees is ***not***, as Defendant incorrectly argues, an item

to be awarded as part of a prevailing party's attorney's fees award under 42 U.S.C. § 1988. It is instead a sanction against Defendant for causing Plaintiff unnecessary expense due to Defendant's failure to file a timely responsive pleading.

The Court's imposition of a "lesser sanction" in the form of a limited award of attorney's fees is justified under the circumstances. Defendant failed to file any responsive pleading for several months, despite personal service of the complaint and summons on Defendant's chief officer. This delay resulted in Plaintiff incurring attorney's fees in seeking a default judgment against Defendant. While the Court set aside the clerk's entry of default judgment because "default judgment deprives a litigant of his or her day in court," (Mem. Op. and Order [Doc. # 17] at p. 4), it nonetheless allowed for the lesser sanction of a limited award of attorney's fees to Plaintiff. The Court then went on to specify which tasks could be included in such an award. *Id.*

The Court's award has nothing to do with whether Plaintiff ultimately is deemed a "prevailing party" under 42 U.S.C. § 1988. It is a sanction imposed against Defendant as part of the Court's "equitable solution" on the issue of default judgment. *Id.* Plaintiff's argument for "reserving ruling" on attorney's fees fails to recognize that it was sanctioned by the Court. Therefore, Plaintiff respectfully requests the Court award Plaintiff his attorney's fees as requested in his Motion/Application.

**B. Plaintiff's Attorney's Requested Fee Award is Reasonable Under the Circumstances.**

The attorney fee award cases cited by Defendant in its Response actually support undersigned counsel's hourly rate of $250.00 per hour. Undersigned counsel, an attorney for fifteen years, is a former federal law clerk, a New Mexico Board of Legal Specialization Certified Specialist in the area of employment and labor law, and a former

3

past chair of the New Mexico State Bar Employment and Labor Law Section. He has tried employment law cases before juries in federal courts in St. Louis, Denver, Philadelphia and Little Rock, as well as in New Mexico. While undersigned counsel does not wish to engage in a debate over whether he is a more accomplished attorney than Phil Davis or Hannah Best, as Defendant argues, it is evident that undersigned counsel, at the very least and considering only employment law cases, should merit a similar attorney fee hourly rate in 2010 that those attorneys received in the early 2000s.

Undersigned counsel's requested hourly rate is reasonable. It is in line with the rates charged by lawyers of comparable skill, experience and expertise. Moreover, an award of $2,755.59 for the specific tasks identified is not unreasonable. Defendant's arguments are without merit.

### C. **Plaintiff's Attorney's Application is Consistent with the Court's Memorandum Opinion and Order.**

Finally, Defendant argues that Plaintiff's attorney spent time on what it deems "unnecessary tasks." This "nitpicking" argument fails because it ignores the plain language of the Court's Memorandum Opinion and Order as to what items would be compensable. All of the time entries on undersigned counsel's billing statement (Exhibit 1 to Plaintiff's Motion/Application for Attorney's Fees), are in line with the Court's language in its Memorandum Opinion and Order: Plaintiff "may file his application for the attorney's fees he incurred in filing the motion for default judgment, the praecipe, and his response to the motion to set aside the default . . . ." (Mem. Op. and Order [Doc. # 17] at p. 4). There are no "extra" items in Plaintiff's attorney's billing statement as they are all connected to the specific tasks identified by the Court as allowable tasks for the attorney fee award.

4

**CONCLUSION**

WHEREFORE, premises considered, Plaintiff respectfully moves this Court for an Order awarding attorney's fees to Plaintiff per the Memorandum Opinion and Order entered January 15, 2010 in the amount of $2,755.59, and for such other and further relief as may be deemed appropriate by the Court.

        Respectfully submitted,

        **QUIÑONES LAW FIRM**

        By      /s/ electronically filed
           CARLOS M. QUIÑONES, ESQ.
           Attorney for Plaintiff
           1532 B Paseo de Peralta
           Santa Fe, NM  87501
           (505) 992-1515    (505) 992-1714 (fax)

It is hereby certified that undersigned counsel filed the foregoing electronically
through the CM/ECF system on March 7, 2010, which caused
the following counsel to be served by electronic means:

Lisa Entress Pullen, Esq.
William P. Gralow, Esq.
Josh E. Eden, Esq.
Civerolo, Gralow, Hill & Curtis, P.A.
P.O. Drawer 887
Albuquerque, NM 87103-0887
*Attorneys for Defendant*

  /s/ electronically filed
CARLOS M. QUIÑONES