IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DERYL DION MORROW,

        Plaintiff,

vs.                                            Civ. No.  09-395 JH/RHS

SANTA FE BOYS & GIRLS CLUBS,

        Defendant.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Plaintiff's Motion/Application for Attorney's Fees Pursuant to Memorandum Opinion and Order Entered January 15, 2010* [Doc. No. 19].  In that motion, Plaintiff seeks to recover his attorney's fees incurred in filing his motion for default judgment and praecipe, as well as his response to Defendant's motion to set aside the default judgment.  After reviewing the motion, the response, and the reply as well as all attachments, the Court concludes that the motion should be granted in part and denied in part.

### DISCUSSION

In its Memorandum Opinion and Order entered January 15, 2010, this Court ruled that while the default judgment against Defendant Santa Fe Boys & Girls Clubs ("SFBGC") should be set aside, SFBGC should pay the attorney's fees that Plaintiff incurred in filing his motion for default judgment, his praecipe, and his response to SFBGC's motion to set aside the default.  In accordance with that Memorandum Opinion and Order, Plaintiff has filed his application for fees, requesting $2,755.59 in attorney's fees and gross receipts tax.  SFBGC opposes the award of fees on three grounds. The Court will address each in turn.

I. **THE NATURE AND TIMING OF THE FEE AWARD**

First, SFBGC argues that the Court should withhold any award of fees until after the conclusion of the litigation. SFBGC contends that if Plaintiff prevails on the merits, then under Title VII of the Civil Rights Act of 1964 he will be entitled to fees at that time pursuant to 42 U.S.C. § 1988. SFBGC argues that any fee award prior that time would be premature. However, this argument reveals that SFBGC misapprehends the nature of the fees to be awarded to Plaintiff in accordance with the January 15, 2010 Memorandum Opinion and Order. As that document clearly states, in lieu of default judgment, Plaintiff will be awarded his attorney's fees as alternate, lesser sanction for SFBGC's protracted refusal to obtain counsel or enter an appearance for a period of three and a half months after service of the complaint. Even then, SFBGC's counsel entered their appearance only after Plaintiff filed his motion for default judgment. In awarding these fees, the Court considered the issue of who should bear the costs flowing from SFBGC's prolonged failure to answer. There being no good reason to force Plaintiff to bear that cost, the Court concluded that the equitable solution was to impose those fees upon SFBGC as a lesser sanction; it had nothing to do with the underlying merits of the case. This is entirely different than the fee-shifting provision under Section 1988. That statute provides that the party that prevails on the merits is entitled to recover its reasonable attorney's fees. Thus, the Court concludes that the imposition of fees upon SFBGC is not premature, but rather is a timely sanction for SFBGC's conduct.

II. **MR. QUINONES' HOURLY RATE**

Next, SFBGC disputes the amount of fees that Plaintiff's counsel has requested. Plaintiff's attorney, Carlos M. Quinones, states in his affidavit in support of the application for attorney's fees that he has been licensed to practice law in New Mexico since 1995, he is a New Mexico Board of Legal Specialization Certified Specialist in the area of employment and labor law, and he served as

the chair of the Employment and Labor Law section of the New Mexico State Bar.  He has presented at conferences and seminars on employment law, as well as published articles in legal journals and newsletters on employment law issues.  He served for several years as a law clerk for a United States Magistrate Judge and has tried employment law cases before juries in New Mexico as well as in St. Louis, Denver, Philadelphia, and Little Rock.

   SFBGC disputes none of these facts.  However, it does dispute Mr. Quinones' assertion that his $250 hourly fee for plaintiff's employment cases is a reasonable for his services in this legal community.  It  argues that the burden of proving reasonableness is on the fee applicant, and that he has failed to meet it because he has not come forward with evidence that his requested rate is in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.  In addition, SFBGC cites a 2005 opinion by Judge James Browning, in which he cataloged various civil rights fee petitions found by various judges to have been reasonable in the District of New Mexico.  This includes findings that attorneys Maureen Sanders and Phil Davis were entitled to $250 per hour in 2005, Tandy Hunt was entitled to $250 per hour in 2001, Phil Davis was entitled to $225 per hour in 2002, and Hannah Best received $180 per hour in 2003.

  The Court is familiar with the prevailing market rates for attorneys in this community and concludes that the evidence put forth by SFBGC is consistent with the Court's experience—that is, that in 2010, it is reasonable for an attorney with fifteen years of experience, including specialized experience in employment civil rights matters, to charge $250 per hour in a case such as this.  Certainly there is a range of reasonable rates for such services.  Some attorneys charge less, and it would be fair to say that $250 is toward the upper end of the range of reasonable rates for the services of an attorney of Mr. Quinones' experience.  Still, the rate of $250 per hour remains within

the reasonable range, and therefore the Court will not reduce the requested rate.

## III.   THE NUMBER OF ATTORNEY HOURS FOR WHICH PLAINTIFF IS ENTITLED TO COMPENSATION

Finally, SFBGC challenges the number of hours Mr. Quinones spent on his motion for default, praecipe, and response to motion to set aside default.  It contends that the Court should not award attorney's fees to Plaintiff after September 1, 2009, because on that date its attorneys notified Mr. Quinones of their intent to enter their appearance and answer the complaint, and in fact they did enter their appearances later that day.  Thus, SFBGC argues that all attorney's fees incurred by Mr. Quinones on or after that date—specifically, for preparation of the praecipe and for Plaintiff's response to SFBGC's motion to set aside the Clerk's entry of default—were unnecessary and should not be assessed against it.

SFBGC's argument has some merit.  As a general rule, the Court encourages parties to stop litigating default once a defendant has entered its appearance in the case.  In such situations, it is counterproductive to award fees to the plaintiff after such an entry of appearance.  On the other hand, this is not a case in which the defendant was merely a few days or weeks late in entering its appearance and answering the complaint.  In this case, SFBGC did not enter its appearance until three and a half months after Plaintiff served it with his complaint, and then only after Plaintiff had filed his motion for default judgment.  In addition, SFBGC did not file its answer to the complaint until seventeen days after its attorneys entered their appearances in the case.  Under these circumstances, the Court cannot say that it was entirely unreasonable for Plaintiff to press forward with his motion for default, given SFBGC's dilatory tactics until that point.

After balancing the foregoing considerations, the Court concludes that the most equitable solution is to award Plaintiff a portion, but not all, of his attorney's fees starting on September 1,

2009. Thus, the Court will allow Plaintiff 50% of the fees outlined in his application [Doc. No. 19] beginning on that date.

## IV.     CONCLUSION

For the month of August, 2009, the Court awards Plaintiff 2.4 hours (the full amount claimed) at a rate of $250 per hour, for a total of $600.00. For the months of September, 2009 and January, 2010, the Court awards Plaintiff 3.9 hours (half the amount claimed) at $250 per hour, for a total of $975.00. Thus, the attorney's fee award to Plaintiff is $1,575.00, plus New Mexico gross receipts tax at 8.0625%, for a total of $1,701.98.

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion/Application for Attorney's Fees Pursuant to Memorandum Opinion and Order Entered January 15, 2010* [Doc. No. 19] is **GRANTED IN PART**, and Plaintiff is awarded his attorney fees in the amount of $1,701.98.

_____
UNITED STATES DISTRICT JUDGE