IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DERYL DION MORROW,**

    **Plaintiff,**

**v.**                                                                          **CIV-09-00395 JCH/RHS**

**SANTA FE BOYS &
GIRLS CLUBS,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's *Motion for Extension in Time and Reconsideration*, filed June 13, 2011 (Doc. 127). Plaintiff's motion comes in response to the Court's May 12, 2011 Memorandum Opinion and Order (Doc. 123), which granted Defendant's *Motion for Summary Judgment on Count I of Plaintiff's Complaint for Race Discrimination under Title VII and the New Mexico Human Rights Act* (Doc. 86) and *Defendant's Motion for Summary Judgment on Count II of Plaintiff's Complaint for Illegal Retaliation Under Title VII and the New Mexico Human Rights Act* (Doc. 84). The Court, having carefully considered the motion, Defendant's response, and the relevant law, and being otherwise fully informed, finds that Plaintiff's motion is not well-taken and should be DENIED.

### DISCUSSION

**I. Rule 59(e)**

While Plaintiff does not set forth the legal basis for his Motion, the Court finds that it appropriately characterized as a motion to reconsider filed pursuant to Fed. R. Civ. P. 59(e) ("Rule 59(e)"). A motion to reconsider is warranted in the event of "(1) an intervening change

in controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider is also "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id*.  However, "a motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir., Dec. 21, 1994) (table).  A motion to reconsider brought under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment."

As a threshold matter, Plaintiff's motion must be denied as untimely under Rule 59(e).  The Court entered final judgment on May 12, 2011 (Doc. 124), which would have placed Plaintiff's deadline for filing the instant motion twenty-eight days later, at June 9, 2011, four days before the motion was filed.

Equally important, even if Plaintiff had filed his motion by the deadline, he has failed to assert a valid basis for reconsidering the Court's final order.  The main thrust of Plaintiff's motion is that he received ineffective assistance of counsel.  Plaintiff notes that he "did not realize that so much was not brought to the Court's attention by my previous counsel," (Doc. 127), though he fails to identify any new evidence or explain how it might have affected the outcome of his suit.  Plaintiff further observes that his then-attorney, Carlos Quinones, who has since withdrawn from the case, "filed the same answer to the defendant's motions for summary judgment on two of the charged counts." (Doc. 127 at 1).  While Plaintiff does not cite to the record, it appears that he is referring to the fact that a section of his response to Defendant's motion for summary judgment on discrimination, titled "There are Genuine Issues of Material Fact That Defendant's Proffered Reasons for Terminating Plaintiff Were Pretextual," (Doc. 94 at

19-20), was reproduced in full in his response to Defendant's separate motion for summary judgment on retaliation (Doc. 95 at 20-21).  Because the burden-shifting analysis set forth in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), applied to both Plaintiff's claims, evidence of pretext was relevant to both of Plaintiff's response briefs.  Thus, the Court finds that Plaintiff has proffered no evidence of ineffective assistance of counsel.  Moreover, Plaintiff has proffered no evidence that any of the grounds for altering or amending a judgment apply here.

## II.  Rule 60(b)

Because Plaintiff has not specified the Federal Rule under which he brings the instant motion, the Court will address the applicability of the other possible basis for relief, Fed. R. Civ. P. 60(b) ("Rule 60(b)"), which does not toll the time to file a motion to alter or amend the judgment at twenty-eight days.  Rule 60(b) provides that a court may relieve a party from final judgment for one of six reasons: (1) "mistake, inadvertence . . . or excusable neglect"; (2) "newly discovered evidence"; (3) "fraud . . ., misrepresentation, or misconduct by an opposing party"; (4) "the judgment is void"; (5) "the judgment has been satisfied, released or discharged" or is based on an earlier judgment that has since been vacated or reversed; (6) "any other reason that justifies relief."

The first five categories of Rule 60(b) relief are plainly inapplicable to Plaintiff's motion.  Furthermore, relief from judgment under Rule 60(b)(6) is justified only in "<u>extraordinary circumstances</u> . . . when such action is appropriate to accomplish justice."  *Colo. Interstate Gas Co.*, 962 F.2d 1528, 1533 (10th Cir. 1992) (quotation and citation omitted) (emphasis added).  Plaintiff's argument appears to boil down to his belief that he could "[bring] to the Court's attention" more unspecified arguments or factual allegations than did his previous counsel, and

3

that he has "no other cases to concentrate on," as his former attorney did.  (Doc. 127 at 1).  Plaintiff's representations do not constitute the kind of extraordinary circumstances that merit a rare application of Rule 60(b)(6).  "Parties desiring relief must particularize, and generally do not acquit themselves of responsibility by showing merely that they placed the case in the hands of an attorney."  *Pelican Production Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) (quoting 7 Moore's Federal Practice ¶ 60.22[2], at 60-184 (2d ed. 1987).  Thus, the Court finds that there is no basis for granting Plaintiff's requested relief under Rule 60(b).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Extension in Time and Reconsideration* (Doc. 127) is DENIED.

_____
UNITED STATES DISTRICT JUDGE